IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE GUADALUPE CARRANZA CONTRERAS Individually and on and Behalf of All Others Similarly Situated<br><br>*Plaintiff*<br><br>v.<br><br>PRIME LAWN CARE, INC, d/b/a PRIME LANDACAPE SERVICES and GREGORY HAMANN<br>*Defendants* | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jose Guadalupe Carranza Contreras on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) bring this Fair Labor Standards Act (FLSA) action against Defendants Prime Lawn Care, Inc., d/b/a Prime Landscape Services, and Gregory Hamann (hereinafter referred to as "Defendants"). The causes of action and summary of claims relating thereto are addressed below:

### I. NATURE OF SUIT

This is an action for unpaid wages brought pursuant to the FLSA by workers who were not paid for all hours worked, and not paid time-and-a-half for all overtime hours worked. Jose Guadalupe Carranza Contreras was employed by Defendants periodically and temporarily under H-2B nonimmigrant visas beginning February, 2009, and until on or about September 1, 2014. Class Members include current and past employees of Defendants who, like Plaintiff, performed

Plaintiff's Original Complaint

and are performing landscaping and grounds keeping duties, including some landscaping related construction, for Defendant's business. Defendants failed to pay Plaintiff and Class Members for all hours worked and also failed to pay them time-and-a-half the regular hourly rate for all hours worked in excess of forty hours per week. Defendants' failure to properly compensate Plaintiff and Class Members are violations of the Fair Labor Standards Act (FLSA).

## II. THE PARTIES

1. Plaintiff Jose Guadalupe Carranza Contreras is a Mexican national and worked for the Defendants periodically from 2009 to 2014. He was a resident of Texas during his employment with Defendants. His written consent to this action is attached as Exhibit A.

2. Defendant Prime Lawn Care, Inc. d/b/a Prime Landscape Services, is a Texas corporation authorized to do business in Texas and may be served with process through its registered agent, Gregory Hamann, at 3906 Cross Bent Ct., Arlington, TX 76016.

3. Defendant Gregory Hamann is an individual who resides in the State of Texas and may be served at 3906 Cross Bent Ct., Arlington, TX 76016 or wherever he may be found.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.  Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2), because the events forming the basis of this suit occurred in this

District. Also, Defendants reside in this district.

### IV. COVERAGE

6. At all material times, Defendants have acted, directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

7. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Prime Lawn Care Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; upon information and belief, said enterprise has had and has an annual gross volume of sales made or business done between $1-2.5 million during all of the relevant years, exclusive of excise taxes at the retail level which are separately stated.

9. At all material times, Plaintiff and Class Members were employed by each of the Defendants.

### V. FACTUAL ALLEGATIONS

10. Defendants specialize in providing a variety of landscape and grounds keeping services, including some landscaping related construction services, for business and residential clients.

11. Defendant Gregory Hamann is the registered agent, president, owner, and sole

corporate officer of Defendant Prime Lawn Care, Inc. (d/b/a Prime Landscaping Services) which has been in operation since 1990.

12. Defendant Gregory Hamann has operational control over the Defendant Prime Lawn Care Inc. business by exercising control over the terms and conditions of the business's employees, maintaining business records, and possessing the power to hire and fire Prime Lawn Care Inc.'s employees.

13. Upon information and belief, Defendant Gregory Hamann developed the scheme to underpay Prime Lawn Care Inc. employees. He established the employees' wage rates and Prime Lawn Care Inc.'s pay practices.

14. Defendants employed named Plaintiff as a landscape laborer under the H-2B temporary visa program in 2011, 2012, 2013, and 2014. Defendants employed approximately 58 H-2B workers in 2011, 61 in 2012, 61 in 2013, 65 in 2014.

15. Upon information and belief, Defendants employed approximately 80 hourly employees engaged in landscaping during each of the relevant years.

16. Plaintiff was, and Class Members are or were, assigned to work crews of 3-5 workers per crew and are or were responsible for providing a variety of landscaping and grounds keeping-related services.

17. In addition, Plaintiff performed and Class Members perform and performed landscaping related construction work, including but not limited to building patios, decks, retaining walls, pathways, sidewalks, and a variety of water features, including ponds, streams, waterfalls, hot tubs, and pools.

**Plaintiff's Original Complaint**

18. Plaintiff was and Class Members are or were paid hourly, at a rate based on their level of expertise and the type of work performed. For example, employees that worked on the Defendants' landscaping related construction crews were paid at a higher hourly rate than maintenance crews.

19. Plaintiff was and Class Members are or were required to arrive at Defendants shop by 7am to do work prior to beginning their paid shift. Similarly, Plaintiff was and Class Members are or were required to do work after their paid shift.

20. Plaintiff were and Class Members are or were regularly not paid at all for their work performed prior to leaving the shop in the morning or after arriving to the shop in the afternoon.

21. Plaintiff worked and Class Members worked or work routinely more than forty hours per week and often were or are not paid for all of their overtime hours worked.

22. When Plaintiff and Class Members were paid for their hours worked in excess of forty in a workweek, they were often compensated in cash and at their regular hourly rate.

23. At all times relevant to this action, the Defendants knowingly, willfully, or with reckless disregard, carried out the illegal pattern or practice of failing to pay overtime wages due to the Plaintiff and Class Members.

24. At all times relevant to this action, the Defendants failed to maintain complete and accurate records of the Plaintiff and Class Members' hours of work and compensation as required by the FLSA.

25. At all times relevant to this action, Defendants were employers of the Plaintiff and

**Plaintiff's Original Complaint**

Class Members within the meaning of the Fair Labor Standards Act and Defendants are subject to the requirements of those Acts.

26. The Plaintiff have fulfilled all prerequisites and/or requirements to bring this suit and obtain the relief sought herein.

### VI. COLLECTIVE ACTION ALLEGATIONS

27. Defendants employed other individuals (Class Members) to perform the same or similar job duties as Plaintiff in that they worked performing landscaping or landscaping related construction duties for the Defendants.

28. Plaintiff was aware that the Defendants engaged in the same pattern and practice of failing to properly compensate Class Members for all hours worked and failing to pay the overtime compensation as required by the FLSA.

29. Plaintiff and Class Members were and are subjected to the same pay provisions in that they were not and are not paid for all the hours they worked or work, and were and are regularly not paid the overtime rate (time-and-one-half regular hourly rate) for the hours they worked or work in excess of forty hours per week.

30. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and Class Members by failing to pay each employee for his/her total hours worked and/or by failing to pay each employee at the proper overtime rate for work hours performed over forty hours in a workweek.

31. Defendants consequently violated, and are violating, the provisions of Section 7

of the FLSA, 29 U.S.C. § § 207 and 215(a)(2) in failing to pay Plaintiff and Class Members at a rate of one-time-and-a-half for each hour worked in excess of forty hours per work week and for each hour of work performed.

32. The Defendants' failure to pay the overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

**All workers who were subject to the work hours and payment practices detailed above and who were consequently not paid properly in accordance with 29 U.S.C. §207.**

33. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for all hours worked in excess of forty hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

34. At all times herein, Defendants were the employers of the Plaintiff and Class Members, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. During the relevant period, and by way of the facts set forth above, Defendants violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours, without compensating such employees for their work in excess of forty hours per week at rates not less

**Plaintiff's Original Complaint**

than one-and-a-half times the regular rates for which they are employed. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

35. Under 29 U.S.C. § 216, Plaintiff and Class Members are entitled to recover unpaid overtime compensation, as well as an equal amount as liquidated damages, as well as attorney fees and costs.

## VII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. Designate this action as a collective action on behalf of Class Members, order issuance of notice pursuant to 29 U.S.C § 216(b) to all similarly situated members of the class apprising them of the pendency of this action and of their right to join this action by filing individual consent to sue forms pursuant to 29 U.S.C § 216(b).

B. Designate Plaintiff as representative of the class.

C. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

D. For an Order awarding Plaintiff (and those who may join the suit) the costs of this action; and

E. For an Order awarding Plaintiff (and those who may join the suit) reasonable

attorney's fees; and

    F.    For an Order awarding Plaintiff (and those who may join the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    G.    For an Order granting such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Michael O'Keefe Cowles*

**Michael O'Keefe Cowles**
State Bar No. 24082865
**EQUAL JUSTICE CENTER**
1801 N. Lamar, Suite 325
Dallas, Texas 75201
(469) 203-2150
(469) 629-5045 (FAX)

**ATTORNEY FOR PLAINTIFF**

# Exhibit A

Plaintiff's Original Complaint

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the Fair Labor Standards Act lawsuit in which this consent is filed.

Jose Guadalupe Carranza Contreras
Signature

10/09/2014
Date

Jose Guadalupe Carranza Contreras
Printed Name